UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
--------------------------------------------------x
THAD TATUM,                          :
an individual,                       :        CASE NO.:
                                     :
            Plaintiff,               :
                                     :        Judge:
vs.                                  :
                                     :
                                     :        Magistrate:
KITCHEN DEPOT, L.L.C,,               :
WEI L. XIE, and GUANG Q. CHEN        :
                                     :
            Defendants               :
--------------------------------------------------x
```

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, THAD TATUM, by and through his undersigned counsel, hereby files this Complaint and sues KITCHEN DEPOT, L.L.C. ("KITCHEN DEPOT"), WEI L. XIE, and GUANG Q. CHEN  (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff, THAT TATUM, (hereinafter referred to as "MR. TATUM"), is a resident of

Orleans Parish, Louisiana.

4.      MR. TATUM is a qualified individual with a disability under the ADA.   MR. TATUM is diagnosed with paraplegia and uses a wheelchair for his primary means of mobility.

5.      Due to his disability, MR. TATUM is substantially impaired in several major life activities. Specifically, MR. TATUM is unable to walk, stand, or use his legs without assistance.

6.      Upon information and belief, defendant WEI L. XIE is a natural person above the age of majority.

7.      Upon information and belief, defendant WEI L. XIE is doing business in Orleans Parish and owns immovable property in Orleans Parish.

8.      Upon information and belief, GUANG Q. CHEN is a natural person above the age of majority.

9.      Upon information and belief, defendant GUANG Q. CHEN is doing business in Orleans Parish and owns immovable property in Orleans Parish.

10.     Upon information and belief, WEI L. XIE and GUANG Q. CHEN are the owners of the real properties and improvements that are the subject of this action, to wit: 8701 - 8739 Airline Highway, New Orleans, LA 70118 (hereinafter referred to as "the Property").

11.     Upon information and belief, KITCHEN DEPOT is a limited liability company organized in the State of Louisiana and doing business in Orleans Parish.

12.     Upon information and belief, KITCHEN DEPOT is domiciled at 8739 Airline Highway, New Orleans, LA 70118.

2

13. Upon information and belief, KITCHEN DEPOT is a lessee at the Property, and operates the Kitchen Depot retail store located 8739 Airline Highway, New Orleans, LA 70118 ("Kitchen Depot Store").

14. DEFENDANTS are obligated to comply with the ADA.

15. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

16. MR. TATUM realleges and reavers Paragraphs 1 - 15 as if they were expressly restated herein.

17. The Property is a place of public accommodation, subject to the ADA, generally located at: 8701 - 8739 Airline Highway, New Orleans, LA 70118.

18. The Kitchen Depot Store is a place of public accommodation, subject to the ADA, generally located at: 8739 Airline Highway, New Orleans, LA 70118.

19. Upon information and belief, MR. TATUM has visited the Property numerous times and desires to visit again in the near future.

20. MR. TATUM lives less than four (4) miles away from the Property.

21. During his visits to the Property, MR. TATUM experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 28.

22. During his visit to the Property on June 9, 2016, MR. TATUM had to be physically lifted onto the promenade in front of the Kitchen Depot Store due to a lack of wheelchair access.

23.     MR. TATUM last visited the Property, to patronize the Kitchen Depot Store, on June 17, 2016.   During that visit, he remained in the car so as not to encounter the architectural barriers at the Property.

24.     MR. TATUM continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 28 which still exist.

25.     The barriers discussed below in Paragraph 28 are excluding MR. TATUM from the programs and activities offered the Property.

26.     MR. TATUM plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

27.     MR. TATUM presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

28.     Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A.     There is a complete absence of accessible-designated parking.

B.     In front of the Kitchen Depot Store, there is no curb ramp or curb cut onto the promenade from the parking lot.

C.     Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

4

29.    MR. TATUM continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 28 are removed.

30.    MR. TATUM intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to modify the barriers at the Property.

31.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

32.    Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

33.    Upon information and belief, removal of the barriers to access located on the Property would provide MR. TATUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

34.    Upon information and belief, DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. TATUM with equal access to the accommodation which are offered for public use at the Property.

35.    Independent of his intent to return as a patron to the Property, MR. TATUM additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

36.    MR. TATUM has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C.

§ 12205.

WHEREFORE, MR. TATUM demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A.   That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS are in violation of the ADA;

B.   That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.   That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. TATUM; and

D.   That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman
mflorman@bizerlaw.com (LA # 35128)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Andrew D. Bizer
    ANDREW D. BIZER

6